## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NOS. 23-cv-61635-ALTMAN
### 10-cr-60077-ALTMAN-1

**GARY BAPTISTE**,

 *Movant*,

*v.*

**UNITED STATES OF AMERICA**,

 *Respondent.*

_____/

### ORDER

 The Movant, Gary Baptiste, has moved to vacate his federal conviction and sentence under 28 U.S.C. § 2255. *See* Motion to Vacate [ECF No. 1]. The Motion is now fully briefed. *See* Response in Opposition to Defendant's Motion to Vacate ("Response") [ECF No. 7]; Motion to Reply to United States' Response ("Reply") [ECF No. 8]. After careful review, we **DISMISS in part** and **DENY in part** Baptiste's Motion.

### THE FACTS

 On February 24, 2010, Baptiste—along with six other codefendants—was charged by criminal complaint with conspiring to rob "ten (10) kilograms of cocaine stored at a stash house" owned by a "Drug Trafficking Organization" in Broward County. *See* Criminal Complaint, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Feb. 24, 2010), ECF No. 1 at 3. A grand jury later indicted Baptiste on six counts: (1) conspiracy to commit Hobbs Act robbery; (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine; (3) attempted possession with intent to distribute five kilograms or more of cocaine; (4) conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime; (5) carrying a firearm during and in relation

to a crime of violence and a drug trafficking crime; and (6) possession of a firearm by a convicted felon. *See* Superseding Indictment, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Nov. 9, 2010), ECF No. 168 at 1–7.

During his nine-day trial, "Mr. Baptiste mounted an entrapment defense alleging coercion on the part of [a] confidential informant[.]" *United States v. Raphael*, 487 F. App'x 490, 495 (11th Cir. 2012), *cert. denied sub nom. Baptiste v. United States*, 568 U.S. 1182 (2013). After five days of deliberations, the jury convicted Baptiste of Counts 1, 4, 5, and 6 of the Indictment—but could not come to a unanimous verdict on Counts 2 or 3. *See* Verdict, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Feb. 3, 2011), ECF No. 300 at 1–3. The Government dismissed Counts 2 and 3 of the Superseding Indictment the next day. *See* Order of Dismissal, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Feb. 4, 2011), ECF No. 315 at 1. On April 15, 2011, U.S. District Judge Federico A. Moreno sentenced Baptiste to 660 months in prison—to be followed by five years of supervised release. *See* Judgment, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Apr. 18, 2011), ECF No. 342 at 1–3. The Eleventh Circuit affirmed Baptiste's conviction and sentence, *see Raphael*, 487 F. App'x at 504, and the Supreme Court denied his petition for a writ of certiorari on February 19, 2013, *see Baptiste*, 568 U.S. at 1182.

Over the next decade, Baptiste filed several motions to vacate his conviction under 28 U.S.C. § 2255. Baptiste's first § 2255 motion was dismissed as time-barred because he "did not file this § 2255 motion until more than a year after the statute of limitations had expired[.]" *Baptiste v. United States*, 2015 WL 5265260, at *8 (S.D. Fla. July 27, 2015) (White, Mag. J.), *report and recommendation adopted*, 2015 WL 5299412 (S.D. Fla. Sept. 8, 2015) (Moreno, J.). After the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Baptiste submitted to the Eleventh Circuit at least two applications for permission to file a second or successive § 2255 motion, but the court of appeals rejected both. *See In re Baptiste*, 828 F.3d 1337, 1338–39 (11th Cir. 2016) ("Even if we assumed that the rule

announced in *Johnson* encompassed the residual clause of § 924(c), Baptiste would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence." (cleaned up)).[1]

"On August 6, 2019, the Eleventh Circuit granted [Baptiste's] application for leave to file a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2255(h) and 2244(b)(3)(A), finding that Movant had made a *prima facie* showing that his § 924(o) firearm conspiracy conviction in Count 4 and his § 924(c) firearm conviction in Count 5 were predicated on the Hobbs Act conspiracy in Count 1, and therefore may be unconstitutional following [*United States v. Davis*, 139 S. Ct. 2319 (2019)]." *Baptiste v. United States*, 2021 WL 328069, at *2 (S.D. Fla. Jan. 8, 2021) (Matthewman, Mag. J.), *report and recommendation adopted*, 2021 WL 327507 (S.D. Fla. Feb. 1, 2021) (Moreno, J.). The Government conceded—and U.S. Magistrate Judge William Matthewman agreed—that Baptiste's "conviction and sentence as to Counts 4 and 5 should be set aside and [Baptiste] should be resentenced on Counts 1 and 6." *Id.* at *3. Magistrate Judge Matthewman also concluded that Baptiste deserved a *de novo* resentencing because "Movant is entitled to present evidence of his rehabilitation to the District Court before it imposes a new sentence." *Id.* at *4 (citing *Pepper v. United States*, 562 U.S. 476, 491 (2011)).

Baptiste was resentenced on December 6, 2021. At his resentencing, Baptiste asked Judge Moreno to "impose a sentence within the advisory guidelines range of 121 to 151 months' imprisonment," arguing that he has "consistently used his time in prison to rehabilitate himself" and noting that he would receive "significant family support." Baptiste's Sentencing Memorandum, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Nov. 30, 2021), ECF No. 488 at 10–11. The

---

[1] Baptiste also tried to file a § 2255 motion—advancing this same argument—in the district court, but Judge Moreno dismissed that motion as "successive" and instructed Baptiste that "this Motion must be made to the Eleventh Circuit Court of Appeals." Order Denying Motion to Vacate, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. June 27, 2016), ECF No. 454 at 1.

Government asked for the statutory maximum sentence of 360 months and urged Judge Moreno to engage in the same "well-reasoned and contemplative analysis of [the] factual record" that led him to impose his original 660-month sentence. Government's Sentencing Memorandum, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Dec. 3, 2021), ECF No. 491 at 9. Judge Moreno agreed that Baptiste had "done some rehabilitation" during his incarceration but nevertheless found that an upward variance from the guidelines was warranted because "the nature and circumstances of the offense are very serious and extraordinary[.]" Resentencing Tr., *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Jan. 27, 2022), ECF No. 500 at 58. Baptiste ultimately received a new sentence of 300 months—240 months on Count 1 and a consecutive 60-month sentence on Count 6—followed by three years of supervised release. *See* Amended Judgment, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Dec. 8, 2021), ECF No. 494 at 1–3. On March 9, 2023, the Eleventh Circuit affirmed Baptiste's new sentence and held that "Baptiste has not shown that his 300-month sentence was substantively unreasonable[.]" *United States v. Baptiste*, 2023 WL 2418220, at *3 (11th Cir. Mar. 9, 2023).

Baptiste filed this Motion on August 18, 2023.[2] *See* Motion at 34. The Government concedes that, because Judge Moreno issued a new judgment on December 6, 2021, the Motion is "timely filed" and is "not second or successive regardless of whether the claims challenge the new sentence or the underlying convictions." Response at 6–7 (citing *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014)). We accept the Government's concession that the Motion is timely[3] and agree that the Motion isn't successive because it's attacking a "new judgment [that] issued after the prisoner

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[3] "[S]hould [the Government] intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice." *Day v. McDonough*, 547 U.S. 198, 201 n.11 (2006).

filed his first [motion to vacate]." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc). We'll therefore proceed to the Motion's substance.

## THE LAW

### I.       Motions to Vacate Under 28 U.S.C. § 2255

Because collateral review isn't a substitute for a direct appeal, a movant can proceed under § 2255 only in extremely limited circumstances. As relevant here, a prisoner is entitled to relief under § 2255 if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." § 2255(a); *accord McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). In other words, "relief under § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (cleaned up); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge will not do service for an appeal."). If a court grants a § 2255 claim, the court "shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). The movant bears the burden of proving his § 2255 claim. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) ("We rest our conclusion that a § 2255 movant must prove his [claim] on a long line of authority holding that a § 2255 movant bears the burden to prove the claims in his § 2255 motion." (cleaned up)), *cert. denied*, 139 S. Ct. 1168 (2019).

### II.      Ineffective Assistance of Counsel

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. CONST. amend. VI. "The benchmark for judging any claim of ineffectiveness

must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88). This same standard applies to alleged errors made by both trial and appellate counsel. *See Farina v. Sec'y, Fla. Dep't of Corr.*, 536 F. App'x 966, 979 (11th Cir. 2013) ("A claim of ineffective assistance of appellate counsel is evaluated under the same standard as for trial counsel.").

To establish the first prong (deficiency), "a petitioner must [show] that *no* competent counsel would have taken the action that his counsel did take[.]" *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) (emphasis added). So, if "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial," counsel could not have performed deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong (prejudice), "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To succeed on this prong, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. If the defendant pleads guilty, the prejudice prong is modified so that the defendant must instead show "that there is a reasonable probability, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**ANALYSIS**

In his Motion, Baptiste advances four grounds for relief. In Ground One, he says that his consecutive sentence for Count 6 "violated his due process to equal application of the law and [the] Equal Protection Clause of the United States Constitution" because his codefendants received concurrent sentences and because his sentence is illegal under Section 5G1.2 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). Motion at 10. In Ground Two, he alleges that the Superseding Indictment "failed to charge 'cocaine' as a material element of Count One," in violation of the Fifth Amendment. *Id.* at 16. In Ground Three, he insists that his "jury instruction and verdict form constructively amended [his] superseding indictment as to Count One," which allowed the jury to convict him of an offense that wasn't charged in the Superseding Indictment. *Id.* at 22. Finally, in Ground Four, Baptiste asserts that his various trial and appellate attorneys were ineffective for failing to raise the substance of Grounds One, Two, and Three. *See id.* at 25 ("Counsels provided ineffective assistance of counsel for (1) neglecting to challenge the fatal defect in superseding indictment as to Count One, (2) neglecting Movant of his right to obtain meaningful appellate review on a substantive constructive amendment claim, and (3) neglecting to challenge the consecutive sentence as to Count Six[.]" (errors in original)). All four claims are meritless.

**I.       Ground One**

In Ground One, Baptiste contends that his "consecutive sentence as to Count Six violated his due process to equal application of the law and [the] Equal Protection Clause of the United States Constitution." *Id.* at 10. In saying so, Baptiste argues that his consecutive sentence on Count 6 was unconstitutional in three ways: (1) because the sentencing judge "displayed an unwillingness to reconsider the nature and circumstances of [Baptiste's] offense," which caused Baptiste to receive a

7

sentence that was far above what the Sentencing Guidelines recommended, *id.* at 11–12; (2) because the consecutive sentence violates § 5G1.2 of the Sentencing Guidelines, *see id.* at 13; and (3) because Baptiste was treated differently from his codefendants, all of whom received concurrent sentences, *see id.* at 14–15. We reject all three arguments.

*First*, Baptiste's claim that the sentencing judge failed to "reconsider the nature and circumstances of the offense" is procedurally barred because it was already raised (and rejected) on direct appeal. Baptiste's sole claim when he appealed Judge Moreno's new sentence was that "the district court abused its discretion in weighing the nature and circumstances of the offense in light of the mitigating factors of his rough upbringing, his post-sentence rehabilitation, the fact that no one was actually harmed, and the differences in sentences between Baptiste and his codefendants." *Baptiste*, 2023 WL 2418220, at *1. The Eleventh Circuit concluded that (1) Judge Moreno reasonably found "that an upward variance was warranted in light of the nature and circumstances of the offense and the needs to promote respect for the law, provide adequate deterrence, and protect the public," and that (2) Baptiste's mitigating evidence was not compelling enough to overcome these aggravating factors. *Id.* at *3. The Eleventh Circuit has thus already determined that Judge Moreno *didn't* fail to "reconsider the nature and circumstances of the offense," Motion at 11–12, and that he imposed a "substantively reasonable" (read: constitutional) sentence based on the evidence presented at the resentencing hearing, *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (explaining that a sentence is "substantively unreasonable" and illegal if "it does not achieve the purposes of sentencing stated in [18 U.S.C.] § 3553(a)"). Since Baptiste cannot "rais[e] arguments in a [§ 2255 motion] that he already raised and [were] rejected in his direct appeal," *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014), this first subclaim of Ground One is dismissed as procedurally barred.

*Second*, Baptiste's consecutive sentence on Count 6 doesn't violate § 5G1.2 of the Guidelines. Baptiste reads § 5G1.2 as allowing a district court to impose consecutive sentences in only one

scenario: when "the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment [recommended by the Guidelines.]" Motion at 13 (quoting U.S.S.G. § 5G1.2(d)); *see also United States v. Pon*, 963 F.3d 1207, 1241 (11th Cir. 2020) ("We have interpreted § 5G1.2(d) to require 'multiple sentences to be served consecutively if the sentence specified by the guidelines is longer than the sentence authorized for any individual count of conviction.'" (quoting *United States v. Pressley*, 345 F.3d 1205, 1213 (11th Cir. 2003))). But § 5G1.2 only applies when the district court intends to impose a *guidelines* sentence—not, as here, when the sentencing judge determines that an *upward variance* is appropriate. *See United States v. Conlan*, 786 F.3d 380, 394 (5th Cir. 2015) ("[The defendant] maintains that the district court misinterpreted [§ 5G1.2(d)] by imposing the consecutive sentence, but his premise is false; the court did not impose that sentence under § 5G1.2(d), but rather as an upward variance. . . . Consecutive sentences can be used to achieve an above-guidelines sentence, which is what occurred here."); *United States v. Rutherford*, 599 F.3d 817, 821 (8th Cir. 2010) ("The applicability of § 5G1.2 to cases involving multiple counts is narrow. . . . Notably § 5G1.2 does not alternatively limit the district court's discretion to sentence consecutively when the total punishment is less than the statutory maximum. In other words, § 5G1.2 does not describe the only time a court may impose consecutive sentences.").

And this makes sense. Congress, after all, has explicitly conferred on district courts "the discretion to impose either concurrent or consecutive sentences"—so long as the sentencing court fully considers "the factors set forth in 18 U.S.C. § 3553(a)[.]" *United States v. Perez*, 956 F.2d 1098, 1103 (11th Cir. 1992) (citing 18 U.S.C. § 3584(a)). Baptiste's extremely crabbed interpretation of § 5G1.2 would contradict § 3584(a)'s broad grant of discretion to the district courts, and we cannot (and will not) read the Sentencing Guidelines in a way that contradicts Congress's unambiguous statutory scheme. *Cf. Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Eng'rs*, 619 F.3d 1289, 1299 (11th Cir. 2010) ("Courts must first assiduously attempt to try to construe two statutes in harmony before

concluding that one impliedly repeals the other." (cleaned up)). Because Judge Moreno varied up from Baptiste's advisory guidelines range, he was permitted to impose consecutive sentences.

*Third*, Baptiste is procedurally barred from arguing that his sentence violates the Equal Protection Clause, because the Eleventh Circuit already found that he wasn't "similarly situated" to his codefendants. The Equal Protection Clause forbids the Government from "intentionally treat[ing] [Baptiste] differently from others who were 'similarly situated' [unless] there is [a] rational basis for the difference in treatment." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1263–64 (11th Cir. 2010); *see also* 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"). But, to be "similarly situated," Baptiste must be "prima facie identical in all relevant respects" to his codefendants. *Grider*, 618 F.3d at 1264. And he isn't. As the Eleventh Circuit has explained, Baptiste *wasn't* "similarly situated" to his codefendants because, "[a]mong other things[,] . . . one codefendant had entered a plea, another had only been convicted of one count, and, unlike all his codefendants, Baptiste had not admitted to his actions, had been the leader[,] and had obstructed justice." *Baptiste*, 2023 WL 2418220, at *1; *see also United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) ("It is not enough for a defendant to simply compare the sentences of other defendants in the conspiracy to his own; there must be comparable underlying factual circumstances. One needs to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities. The underlying facts of the crime and all of the individual characteristics are relevant."). Because the Eleventh Circuit has already found that Baptiste *wasn't* similarly situated to his codefendants—and that, as a result, the different treatment he received from Judge Moreno *wasn't* illegal—this third subpart of Ground One is likewise barred. *See Stoufflet*, 757 F.3d at 1239.

We therefore **DENY in part** and **DISMISS in part** Ground One. Baptiste's claims that Judge Moreno failed to reconsider the circumstances of his offense and didn't treat him the same as his "similarly situated" codefendants were raised, and rejected, on direct appeal and are thus procedurally barred. And his contention that § 5G1.2(d) precluded Judge Moreno from reimposing consecutive sentences is meritless.

## II.   Ground Two

Baptiste alleges in Ground Two that the Superseding Indictment was defective because it "failed to charge 'cocaine' as a material element of Count One (Hobbs Act Robbery Conspiracy)[.]" Motion at 16. In Baptiste's view, an indictment must include a "definite written statement of the essential facts constituting the offense charges"—which (he says) required the Superseding Indictment to state that stealing cocaine was the object of the Hobbs Act conspiracy. *Id.* at 17. Before trial, one of Baptiste's codefendants advanced this same argument in a motion to dismiss Count 1. *See* Motion to Dismiss Superseding Indictment, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Dec. 16, 2010), ECF No. 193 at 3 ("Accordingly[,] the Superseding Indictment charges the Defendant with conspiracy to commit robbery of an unspecified article of commerce. By failing to identify the property which was the subject of the alleged conspiracy to commit robbery, the Government has issued an indictment which both fails to contains [sic] an essential element of the charged offense and fails to inform the Defendant of the offense with which he is charged."). Judge Moreno orally denied that motion, finding that "there is no legal requirement to set out the details of the property of another." Status Hr'g Tr., *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. July 14, 2011), ECF No. 380 at 26.[4]

---

[4] Baptiste's codefendant didn't appeal Judge Moreno's decision, but he did argue on appeal that "the government failed to prove he knew the object of the conspiracy was cocaine." *Raphael*, 487 F. App'x at 504. The Eleventh Circuit rejected this argument, noting that the codefendant had attended meetings "at which *Baptiste* discussed cocaine in detail as the objective of the armed robbery." *Id.* at 506 (emphasis added).

Judge Moreno was right again. An indictment is sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998). A defendant can be found guilty of a Hobbs Act conspiracy if he conspires to "obstruct[ ], delay[ ], or affect[ ] commerce or the movement of any article or commodity in commerce, by robbery or extortion[.]" 18 U.S.C. § 1951(a). Although Baptiste maintains that the specific "article or commodity in commerce" is one of the "essential elements" of a Hobbs Act conspiracy, there are in fact only "[t]wo elements [that] are essential for a Hobbs Act prosecution: extortion and an effect on commerce." *United States v. Kaplan*, 171 F.3d 1351, 1354 (11th Cir. 1999) (en banc) (citing *Stirone v. United States*, 361 U.S. 212, 218 (1960)).

Count 1 of the Superseding Indictment alleged that, "[f]rom on or about January 27, 2010, to on or about February 23, 2010," Baptiste and his codefendants "did knowingly and intentionally combine, conspire, confederate, and agree with each other . . . to obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery[.]" Superseding Indictment, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Nov. 9, 2010), ECF No. 168 at 1–2. That allegation was sufficient to notify Baptiste that the Government was accusing him of conspiring to engage in extortion (i.e., robbery) in a way that would affect interstate commerce (since the robbery would "obstruct, delay, and affect . . . the movement of articles and commodities in commerce"). And the Government didn't need to identify *what* those specific "articles and commodities in commerce" were because that's not an essential element of a Hobbs Act conspiracy. *See United States v. Taylor*, 480 F.3d 1025, 1027 (11th Cir. 2007) (affirming Hobbs Act conspiracy conviction even though "the intended victims and narcotics were fictional"); *see also United States v. Garcia Morales*, 846 F. App'x 872, 876 (11th Cir. 2021) ("But there is a difference between the

*elements* and the *objects* of a crime.”). Because the Superseding Indictment tracked the specific language of 18 U.S.C. § 1951(a), it adequately notified Baptiste of the crime he was charged with. *See United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) (“If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge.”). Ground Two, in short, is **DENIED**.

## III.     Ground Three

Baptiste avers in Ground Three that the “jury instruction[s] and verdict form constructively amended [Count 1 of] Movant’s Superseding Indictment.” Motion at 20. According to Baptiste, the jury instructions and verdict form stated that the object of the Hobbs Act conspiracy was “to rob cocaine,” even though the Superseding Indictment never mentioned cocaine. *Id.* at 23. Although Baptiste admits that appellate counsel “filed [a] constructive amendment claim” on direct appeal, he insists that the constructive-amendment claim he advances here is “distinctly different.” *Id.* at 20. Unsurprisingly, the Government contends that “this claim is not different from that raised on direct appeal” and that we should dismiss Ground Three as procedurally barred. Response at 15. Although we agree with Baptiste that Ground Three differs somewhat from the constructive-amendment claim he raised on direct appeal,[5] the claim is still meritless.

“A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not

---

[5] Baptiste argued on direct appeal that “Count One of the Superseding Indictment charged Mr. Baptiste with conspiring to ‘obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery,’” whereas the jury instructions “permitted conviction if the jury found that Mr. Baptiste had conspired to ‘obtain or take the property of another, in this case cocaine,’ and ‘as a result of the defendant’s actions, interstate commerce or an item moving in interstate commerce would have been delayed, obstructed or affected in any way or degree.’” *Raphael*, 487 F. App’x at 501. That differs from Baptiste’s current claim, which is that “the jury instruction constructively amended count one, Hobbs Act conspiracy, when it broadened the bases for conviction from conspiracy to commit robbery of articles that obstructs or delay commerce, to conspiracy to commit robbery of cocaine that obstructs or delays commerce[.]” Motion at 20–21 (errors in original).

alleged by the grand jury's indictment." *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995) (cleaned up). An amendment occurs *only* "when the essential elements of the offense contained in the indictment are altered *to broaden the possible bases for conviction* beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990) (emphasis added) (citing *United States v. Miller*, 471 U.S. 130, 138 (1985)). The Superseding Indictment charged Baptiste with "knowingly and intentionally [conspiring] to obstruct, delay, and affect interstate commerce and the movement of *articles and commodities in commerce* by means of robbery[.]" Superseding Indictment, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Nov. 9, 2010), ECF No. 168 at 2 (emphasis added). According to Baptiste's jury instructions and verdict form, by contrast, "Count 1 charges that all Defendants conspired or agreed with each other to obtain or take the property of another— *specifically cocaine*—by robbery and in so doing interfered with interstate commerce[.]" Jury Instructions, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Feb. 3, 2011), ECF No. 305 at 12 (emphasis added); *see also* Verdict, *United States v. Baptiste*, No. 10-CR-60077-ALTMAN (S.D. Fla. Feb. 3, 2011), ECF No. 300 at 1 (describing Count 1 as "conspiracy to rob cocaine").

For two reasons, this change didn't constitute a constructive amendment. *First*, as we previously explained, identifying a specific "article or commodity in commerce" isn't one of the essential elements of a Hobbs Act conspiracy, so swapping out "articles or commodities in commerce" with "cocaine" couldn't have been "an impermissible alteration of the essential elements of the offense[ ] charged[.]" *United States v. Baldwin*, 774 F.3d 711, 725 (11th Cir. 2014).

*Second*, by using "cocaine" in the jury instructions instead of "articles or commodities in commerce," the Government *narrowed* (rather than *broadened*) the possible bases for conviction. *See Keller*, 916 F.2d at 634 ("[A]n amendment occurs when the essential elements of the offense contained in the indictment are altered *to broaden* the possible bases for conviction beyond what is contained in the indictment." (emphasis added)); *see also United States v. Leonard*, 4 F.4th 1134, 1145 n.5 (11th Cir.

2021) ("But a constructive amendment occurs when instructions *broaden* the bases for conviction, not when they narrow them." (emphasis added)). Under the Superseding Indictment, after all, the jury could've convicted Baptiste of Hobbs Act conspiracy if his planned robbery would've affected *any* article or commodity in interstate commerce. Under the jury instructions and verdict form, by contrast, the jury could find Baptiste guilty *only* if he and his codefendants *specifically* intended to rob *cocaine*. Since the jury instructions and verdict form narrowed—rather than broadened—the possible bases for conviction, Baptiste's constructive-amendment claim fails. *See Miller*, 471 U.S. at 145 ("'[W]here an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment.' . . . The variance complained of [here] added nothing new to the grand jury's indictment and constituted no broadening." (quoting *United States v. Ballard*, 322 U.S. 78, 91 (1944) (Stone, C.J., dissenting))); *United States v. Cotchery*, 406 F. Supp. 3d 1215, 1221 (N.D. Ala. 2019) (Proctor, J.) ("[N]o constructive amendment occurs when an indictment's charges are *narrowed* at trial, rather than broadened."); *cf. United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) ("Quite simply, the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.").

We therefore **DENY** Ground Three.

## IV.    Ground Four

Finally, in Ground Four, Baptiste says that his trial and appellate lawyers were ineffective for failing to raise the substance of Grounds One, Two, and Three in the appropriate proceedings. *See* Motion at 30 ("In this case counsels' deficient performances contributed actual and substantial disadvantage [sic], infecting the entire trial and appeal process with errors of constitutional dimension[.]"). But, as we've shown, these weren't "errors" at all. Since "[a] lawyer cannot be deficient

15

for failing to raise . . . meritless claim[s]," *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)—and because Grounds One, Two, and Three are meritless—Ground Four is likewise **DENIED**.

### EVIDENTIARY HEARING

We won't hold an evidentiary hearing in this case because Baptiste's claims are meritless on their face. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only when the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Reasonable jurists would not find our decision to deny Baptiste's constitutional claims "debatable or wrong," nor would they debate the correctness of our decision to dismiss certain portions of Ground One as procedurally barred. We therefore will not issue a COA.

\* \* \*

Having carefully reviewed the record and the governing law, we hereby **ORDER AND ADJUDGE** that the Motion [ECF No. 1] is **DISMISSED in part** and **DENIED in part**. Any request for a COA is **DENIED**. Any pending motions, including any requests for an evidentiary hearing, are **DENIED**. All deadlines are **TERMINATED**. The Clerk of Court shall **CLOSE** this

case.

      **DONE AND ORDERED** in the Southern District of Florida on November 29, 2023.


_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**


cc:      Gary Baptiste, *pro se*
         counsel of record

17